468 · NEW-YORK PRACTICE REPORTS.

The People *ex rel.* Gale agt. Green and others, &c

## SUPREME COURT.

THE PEOPLE *ex rel.* SEYMOUR GALE agt. ELEAZER GREEN and others, Trustees of School District No. 13, in Harmony and Busti.

The *jurisdiction* of the board of supervisors, in granting an order requiring the trustees of a school district to pay the costs and expenses of the trustees, or other officers of the district sued as such, (*Sess. Laws,* 1849, *p.* 545, *amending general act* 1847, *Sess. Laws,* 1847, *p.* 163,) does not depend upon any action of the taxable inhabitants in the district. (*This seems to be adverse to The People ex rel. Atkins* agt. *Snyder, &c., ante, page* 143.)

Whatever construction may be put upon the imperfect and ambiguous provisions contained in section one of that act, the action of the taxable inhabitants and the trustees, is a matter *between them,* not affecting the proceedings or rights of the claimant.

*Erie General Term, November,* 1854.

MARVIN, P. J., BOWEN and GREEN, Justices.

APPEAL from judgment at special term upon the return to an alternative mandamus.

The relator was collector of school district No. 13, in the towns of Harmony and Busti, in 1850, and was sued for acts done by him in his official capacity, and was put to costs and expenses in defending, &c. He made application to the board of supervisors of Chatauque county, upon due notice to the trustees, for an order requiring the payment of such costs and expenses by the district. The board made the order; it was served upon the trustees, and they neglected and refused to issue a warrant for the collection of the amount, ($26.56,) as ordered by the supervisors. An alternative mandamus was awarded, commanding the trustees to issue their warrant, or show cause. (*See* Justice WELLES' *opinion,* 6 *How. Pr. R.* 332.)

They showed cause, viz., that the order was made by the board of supervisors without authority of law; the preliminary steps required by law, to give the board jurisdiction, not having been taken, inasmuch as the said amount of Gale had not been

The People *ex rel*. Gale, agt. Green and others, &c.

submitted to the taxable inhabitants of said district previous to its being laid before the board of supervisors for their action ; nor had a majority of the taxable inhabitants of said district, previous to the action of the board thereon, determined that the actual amount of such costs, charges, and expenses of the said Gale, in defending the several suits in the order mentioned, should be ascertained by said board ; by reason whereof the order is nugatory, void, and of no binding force. Upon this return, a peremptory mandamus was awarded, (*see the case and opinion by Justice* TAGGART, 8 *How. Pr. R*. 125,) and thereupon the defendants appealed to the general term.

A. HAZELTINE, *for appellants.*

A. SMITH, *for respondents.*

By the court—MARVIN, P. Justice. The act of 1847, § 1, made provision for the payment of costs, &c., paid by "any of the officers of a school district," in certain suits against such officer, and made it the duty of the trustees to ascertain, "in *the manner hereinafter described*," the actual amount of the costs, &c., and to cause the same to be assessed and collected, &c.

By the second section, the person mentioned in § 1, who had paid costs, &c., was to make out and verify an account of the costs, &c., and serve a copy of it on the trustees, with a notice of the presentation of the account to the board of supervisors for settlement, &c. ; and it is made the duty of the trustees to attend, and protect the rights of the district.

By the 3d section, the supervisors are to pass upon the account, and may require its payment, or any portion of it. By the 4th section, it is made the duty of the trustees to issue a warrant for the collection of the amount so directed to be paid. (*See the act at large, Sess. Laws*, 1847, 163.) It will be seen by the act, that the taxable inhabitants of the district were not to be consulted touching the payment of any such costs, &c. It was made the duty of the trustees to ascertain, "in the manner hereinafter described," the amount of the costs, &c. The manner was described in sections 2 and 3. The board of su-

pervisors was constituted the court to hear and determine the matter, and it got jurisdiction of the parties, that is, the officer who had paid costs in the case prescribed, and the trustees, by their appearance, or by proof of the service of the notice upon the trustees as required in § 2.

There is no difficulty in understanding this statute, nor in the practice under it. The officer, claimant, was one party, the trustees of the district another, and the board of supervisors was the court; and the statute made it the duty of the trustees to execute the order of the board of supervisors, &c., and the taxable inhabitants of the district had no voice in the matter.

I have said there is no difficulty in understanding the statute, or in the practice under it. This is so in all cases, unless the *trustees* should have been the " officers " sued, and should have paid costs, &c. In such a case, the anomaly would be presented of their making out the account, serving it, and the notice, upon themselves, and appearing before the board with their claim, there being none to oppose it; whereas the statute makes it the duty of the trustees (officers upon whom the copy, account, &c., were served) to attend the board of supervisors, and protect the rights and interests of the district. Now, I suggest, that this difficulty being discovered was the cause of the amendment by the act of 1849, (*Sess. Laws, p.* 545,) of the first section of the act of 1847. It was discovered that the provisions of the act were not adapted to a case where the trustees had been sued, and had paid costs; and an attempt was made to provide for such a case by amending the first section. In this amendatory act, the trustees are embraced by name, and most of the language used in the first section of the original act has been preserved; thus accounting for the great and embarrassing ambiguities in this act of 1849. Had the original first section been retained as it was, and a new section been enacted, providing for the case of trustees sued, there would have been no ambiguity. It is now necessary to give construction to the amended section; and, I think we should keep in mind the original act, and the system intended to be established by it. By the act of 1849, amending section one of the

act of 1847, "trustees" are substituted for "officers," where "officers" first occurred, and the case of acts performed by direction of the district is also embraced, then pursuing the language of the act of 1847, to the determination of the suit.

At this point in the act of 1847, the *duty* of the trustees is declared; but in the act of 1849 the language is inserted, "or whenever, after the final determination of any suit, commenced by or against any trustees or other officers of a school district, a majority of the taxable inhabitants of any school district shall so determine," it shall be the duty of the trustees to ascertain, &c., following the language used in the first act, using the language, "costs, charges and expenses paid by such *officer*," as in the act of 1847, and not using the language "trustee," or "trustees or other officers."

It will be seen that the new matter inserted in the section includes suits "commenced *by* or against any trustees or other officers," &c., whereas the act of 1847 only included cases where a suit had been commenced *against* "any of the officers of a school district."

On the part of the relator, it is insisted that the words, "in the manner hereinafter described," in the first section, should be rejected; and it is claimed that no manner is thereinafter described; and that, with these words rejected, the first section will be complete, and contain in itself a positive direction to the trustees to ascertain the actual amount of the account, and to cause the same to be assessed and collected, &c. In my opinion, it is not necessary to reject these words; indeed, I think they should be retained; and we should be far more embarrassed without them than with them. It seems to me, that without these words, or some language referring to the subsequent action before the board of supervisors, and assuming that the relator claims that the first section contained a complete system, the relator had no right to go before the board of supervisors, but his remedy was to compel the action of the trustees under the first section, either to procure the district to act upon the matter, or to act themselves.

But I will not pursue this inquiry. I have already shown,

that, in my opinion, in the act of 1847, the "manner herein-after described," was the manner "described" in sections 2 and 3; and I think we are still to find, in these sections, the "manner hereinafter described" of the amendatory act of 1849. "Whenever, after the final determination of any suit, commenced by or against any trustees, or other officers of a school district, a majority of the taxable inhabitants of any school district shall so determine, it shall be the duty of the trustees to ascertain, in the manner hereinafter described, the actual amount of all costs," &c. What are the taxable inhabitants to so determine? Not that they will pay the amount. But I think the construction is, that the trustees shall ascertain, *in the manner thereinafter described*, the amount of the costs, &c. The manner of making out, and presenting the account to the trustees, and ascertaining its amount, had not been specified; and is not specified at all in the first section. The system is left incomplete, and we must go to the subsequent section to learn how the business is to be conducted.

There is nothing in the act to indicate that the taxable inhabitants can be called upon to determine the amount of the account for costs, &c., or that they have even jurisdiction to pass upon it, and direct it to be paid. It is clearly made the duty of the trustees, whenever, in the cases mentioned, a majority of the taxable inhabitants shall so determine, to ascertain, in the manner thereinafter described, the actual amount of all costs, &c. Now, it may be, that in case a majority of the taxable inhabitants do not determine that the trustees shall ascertain, &c., that the trustees may omit to appear before the board of supervisors, and leave the matter to be passed upon by the board. The taxable inhabitants may be willing to leave the account, properly verified, to the board, without putting the trustees to the trouble and expense of appearing. Suppose the trustees are the claimants, and the matter is brought to the notice of the taxable inhabitants, they may direct the ascertainment of the account in manner described in the future sections, and they will have an opportunity, or any of them, to appear before the board of supervisors and contest the account. The

board will receive information from any source; and although the board might have jurisdiction to act upon an account properly verified, and presented by the trustees in their favor, they would, most probably, require it to appear that the taxable inhabitants had had notice, before they would act upon such an account; but in the case of an account, properly presented by any officer, other than a trustee, they would be satisfied with the appearance of the trustees, or proof of service of notice, and copy of the account, as mentioned in § 3; as, by the concluding clause in § 2, it is made the duty of the trustees to attend before the board, and protect the rights and interest of the district. This is directory, and the board would presume that the trustees would attend to this duty, unless they had been excused from it by the taxable inhabitants.

These remarks indicate that the jurisdiction of the board of supervisors does not depend upon any action of the taxable inhabitants in the district, and the question we are examining is one of *jurisdiction.* If the board had jurisdiction, its order must be obeyed.

Now let us see what is necessary to give the board of supervisors jurisdiction.

Whenever any person, mentioned in the first section of this act, *i. e.,* " trustees, or other officers of a school district, shall have paid any costs, as mentioned in § 1, he shall make out an account of such charges, costs, and expenses, so paid by him, &c., and verify the same, and serve a copy upon the trustees, with a notice of the presentation of such account to the board of supervisors," &c. (§ 2.) By § 3, upon the appearance of the parties, or upon due proof of service of the notice, and copy of account mentioned in § 2, the board, if of opinion that the account, or any portion of it, ought justly to be paid to the claimant, may, by an order, &c., require such account, or such part thereof as such board shall be of opinion ought justly to be paid to the claimant by such district, to be paid, &c. There is nothing here requiring that the board should know whether a majority of the taxable inhabitants of the district had been consulted, or had determined anything. The

The People *ex rel.* Gale, agt. Green and others, &c.

parties, claimant, and trustees, are to appear, &c.   There must be due proof of service of the notice and copy of the account; and in either case the board of supervisors has jurisdiction.

Whatever construction may be put upon the imperfect and ambiguous provisions contained in § 1, the action of the taxable inhabitants and the trustees is a matter between them, not affecting the proceedings or rights of the claimant.

Attention has been called to that part of § 1 directing the trustees to assess and collect the amount, &c., as other taxes are by law assessed and collected; and similar language in § 4.   I see no difficulty here.   It is not necessary to reject any of these portions of the sections, though there may be repetition.   Nor can any argument be based upon the fact, that the directions to the trustees to assess and collect, appear in the first section, before the manner of ascertaining the amount of costs, &c., had been described.   The section tells us that the *description* of the manner of ascertaining is to be thereafter given.

In my opinion, the board of supervisors had jurisdiction; that it was the duty of the trustees to issue to the collector of the district, a warrant for the collection of the amount directed to be paid; and that the mandamus was properly granted.

The judgment of the special term should be affirmed, with costs.